IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **Crim. No. 15-376-PJM** |
| **DERRICK SIMMONS,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On June 6, 2016, Derrick Simmons pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one alleged violation of the terms of supervised release imposed in a prior proceeding. On September 1, 2016, the Court sentenced him to a term of 108 months imprisonment and three years of supervised release for the § 922 (g)(1) violation and a term of 12 months for violation of the condition of supervised release. Simmons is presently designated to Federal Correctional Institution Petersburg in Hopewell, Virginia and has a projected release date of July 11, 2024.

On August 31, 2020, he filed a *pro se* motion for compassionate release. Thereafter, the Office of the Federal Public Defender was appointed to represent him, and on July 7, 2021, filed a supplemental motion for compassionate release. On August 1, 2021, the Government filed a response in opposition to Simmons's request, and on August 11, 2021, Simmons filed a reply to that response. The Court now considers the merits of Simmons's request.

Simmons seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), which requires him to demonstrate "extraordinary and compelling reasons" to justify the request. Simmons seeks relief based on his post-offense rehabilitation, his Bureau of Prisons (BOP) disciplinary record, reentry plan, and the disparity between his sentence and his co-defendant's. For the reasons that follow, Simmons' Motion for Compassionate Release is **DENIED**.

## I.

Generally, the court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) (2018). One exception to the is general rule is the provision for compassionate release, which allows the BOP to seek a modification of a prisoner's sentence. *Id.* § 3582(c)(1)(A). The compassionate release provision was modified by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) to allow prisoners to seek a sentence reduction directly from the Court. This permits a court to modify a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In the Fourth Circuit, district courts are "empowered . . . to consider any extraordinary and compelling reason for release." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

Simmons argues that the disparity between the 108-month sentence he received and the 57-month term his co-defendant Clyde Peterson served is an extraordinary and compelling reason to grant relief. ECF No. 186 at 7. Simmons further argues that his post-offense rehabilitation justifies a finding of extraordinary and compelling reasons warranting relief. *Id.* at 9. The Government responds that the disparity is not an extraordinary and compelling reason, emphasizing Simmons's lengthy criminal history which includes a pattern of illegally possessing firearms and violating terms of supervised release. ECF No. 191 at 7–10. The Court agrees. Although his sentence is longer than his co-defendant's, Simmons has not demonstrated that the disparate length of his sentence alone suffices to justify relief. Further, although the Court recognizes the rehabilitation efforts that Simmons has undertaken while in BOP custody, absent other extraordinary and compelling reasons, these efforts do not advance his cause.

## II.

Even if Simmons met the high burden for compassionate release, a sentence reduction is not warranted after consideration of the factors set forth in 18 U.S.C. § 3553(a). Once again, it is undeniable that Simmons has a continual pattern of illegally possession firearms: he had finished serving a sentence of imprisonment for the same crime just ten months prior to committing the crime in the present case. At the time of sentencing in this matter, Simmons had a criminal history category of IV. In light of his criminal history, allowing Simmons's release at this time would fail to reflect the need for both punishment and deterrence.

## CONCLUSION

For the foregoing reasons, Simmons's Motion for Compassionate Release is **DENIED**.

A separate Order will **ISSUE**.

Date: October 5, 2021

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE